UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE: )
)
LOUIS ANDREW BALDWIN, ) CASE NO. 14-23702
) Chapter 13
Debtor. )

ORDER AND MEMORANDUM OF DECISION
DENYING MOTION FOR PAYMENT OF UNCLAIMED FUNDS
AND MOTION TO RE-OPEN BANKRUPTCY CASE

On October 31, 2017, Kavadias & Associates, PC ("Claimant"), by counsel, filed a Motion for Payment of Unclaimed Funds ("Payment Motion"), requesting payment of funds that were previously deposited with the clerk of the court on behalf of debtor, Louis Andrew Baldwin ("Debtor"). The Court held a hearing on the Payment Motion on November 29, 2017, and Claimant subsequently filed a Motion to Re-Open Bankruptcy Case ("Re-Open Motion") on January 16, 2018. For the reasons explained herein, the Court denies both of Claimant's motions.

A. Factual Findings

On November, 6, 2014, Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and scheduled Claimant as a judgment creditor in the amount of $5,282.09.[1] On November 20, 2014, the Court entered

---

[1] Creditor obtained the judgment, which awarded 8% statutory interest, on or about July 10, 2009. Debtor included only the principal judgment amount in its schedules. However, in its Payment Motion, Claimant seeks an additional $3,517.12 in interest.

-1-

an order requiring Debtor to file his outstanding tax returns by December 22, 2014, which he failed to do. The Court ultimately entered an order dismissing the case on September 15, 2015.[2] Following the filing of the trustee's final report and accounting on November 9, 2015, the case was closed. Importantly, during the pendency of Debtor's case, Claimant never filed a proof of claim.

At the time the case was dismissed, the trustee held $18,878.85 in undistributed funds. Pursuant to 11 U.S.C. § 349, the trustee attempted, albeit unsuccessfully, to refund the foregoing funds to Debtor. According to Claimant, the trustee then notified all creditors of the unclaimed funds that he held and provided an opportunity to apply for payment. Claimant admits that it received notice from the trustee, but failed to apply for payment in a timely manner. Thereafter, the trustee deposited the funds into U.S. Treasury Fund 6047BK.

On October 31, 2017, Claimant filed the Payment Motion, and a proof of claim for $8,806.21. Attached to the claim was a copy of the judgment that Claimant held against Debtor from the Lake County Superior Court. This Court held a hearing on November 29, 2017, at which time it expressed concern about its legal authority to award Claimant's request for relief. Claimant subsequently filed the Re-Open Motion asking this Court to reopen Debtor's bankruptcy case. Following a hearing on the Re-Open Motion, Claimant filed a Memorandum in

---

[2] This Court dismissed the case pursuant to the trustee's motion for default.

Support of Construing Creditor's Motion to Re-Open as a Motion for Relief from Judgment (the "Memorandum"), essentially asking the Court to construe the Re-Open Motion as a request for relief under Federal Rule of Civil Procedure 60(b)(6).

B. Legal Conclusions

I. Motion to Re-Open Bankruptcy Case (the Re-Open Motion)

Generally, once a bankruptcy case is closed, a court lacks jurisdiction to decide any proceeding or motion filed thereinafter, unless the case is reopened. *In re Ragland*, Nos. 05-18142, 05-31361, 2006 WL 1997416, at *4 (Bankr. E.D. Pa. May 25, 2006); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 491 (Bankr. E.D. Pa. 1994). The bankruptcy court has the power to reopen a closed case to "administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *see also* Fed. R. Bankr. P. 5010. However, § 350(b) does not allow a court to reopen a case that has been dismissed. *In re Finch*, 378 B.R. 241, 246 (B.A.P. 8th Cir. 2007); *In re Ragland*, 2006 WL 1997416, at *4. A case that has been dismissed has not been closed under the meaning of § 350(a). As the court in *In re Ragland* explained:

> The Court of Appeals for the Ninth Circuit and other courts have held that a case cannot be reopened unless it was closed pursuant to section 350(a) after it has been administered. Therefore, a dismissed case could not be reopened under section 350(b). A dismissal could be undone only through an appeal or a motion under Federal Rule of Bankruptcy Procedure 9023 or 9024.

2006 WL 1997416, at *5 (citing 3 *Collier on Bankruptcy* ¶ 350.03, at 350-5 (15th

ed. rev.2004) (footnote omitted)).

In its Re-Open Motion, Claimant seeks to reopen Debtor's bankruptcy case under § 350(b). However, the Court lacks the requisite authority to provide this relief because Debtor's case was not closed pursuant to § 350(a). Debtor's case was dismissed on the trustee's motion filed pursuant to 11 U.S.C. § 1307. And "[a]lthough a dismissed case may be reported . . . as 'closed' for statistical purposes," a case dismissed under § 1307 is not closed for purposes of reopening the case under § 350(b), and cannot be reopened. *In re Ragland*, 2006 WL 1997416 at *4.

After filing the Re-Open Motion, Claimant subsequently filed its Memorandum, which proposes that the Re-Open Motion could alternatively be construed as a request for relief under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides federal courts with broad authority to relieve a party from a final judgment. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). Rule 60(b) applies to bankruptcy cases under the Code pursuant to Federal Rule of Bankruptcy Procedure 9024.[3] Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for

---

[3] Fed. R. Bankr. P. 9024 provides for exceptions to the application of Rule 60(b), but none of those exceptions apply in this case.

a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

In its Memorandum, Claimant apparently seeks relief under the catch-all provision of Rule 60(b)(6) - for "any other reason justifying relief."[4] A party proceeding under Rule 60(b)(6) must show that they filed a motion for relief "within a reasonable time . . . after the judgment, order, or proceeding was entered or taken." *In re Finch*, 378 B.R. at 247. "What constitutes a reasonable time is dependant on the particular facts of the case in question." *In re Alexander*, 270 B.R. 281, 289 (B.A.P. 8th Cir. 2001).

Claimant filed its Re-Open Motion with the Court on January 16, 2018, which was more than two years after the September 16, 2015 order that dismissed Debtor's case. Although Claimant's Re-Open Motion was filed over two years after the issuance of the dismissal order, "there is no hard and fast rule as to how much time is reasonable . . . [and] courts have found periods of as little as a few

---

[4] Claimant also requests relief pursuant to Fed. R. Civil P. 60(b)(8), which does not exist. In any event, if a motion does not lay specific grounds for relief under Rule 60(b)(1)-(5), it is interpreted as a request under Rule 60(b)(6). *See Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014).

months unreasonable, and have found periods of as long as three years reasonable." *Sudeikis v. Chicago Transit Auth.*, 774 F.2d 766, 769 (7th Cir. 1985). A reasonable time is considered from the facts of each case considering: "the interest of finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986). The moving party must provide a reasonable explanation or excuse as to the delay in seeking relief from the dismissal order. *See In re Archer*, 264 B.R. 165, 168 (Bankr. E.D. Va. 2001). The movant must also show "extraordinary circumstances" to justify providing relief under Rule 60(b)(6). *Liljeberg*, 486 U.S. at 864; *In re Finch*, 378 B.R. at 247.

Here, Claimant has failed to show that it is entitled to relief under Rule 60(b)(6). As discussed above, Claimant waited for more than two years after Debtor's case was dismissed to file the Re-Open Motion. Claimant offers no justification for this delay and contends that the relief it seeks is in the interest of justice and would satisfy a judgement that Claimant has held against Debtor since 2009. This explanation is insufficient to justify the delay in bringing a request for relief under Rule 60(b)(6). Moreover, this contention is inadequate to demonstrate the extraordinary circumstances required for Rule 60(b)(6) relief.

For the foregoing reasons, Claimant's Re-Open Motion and its related

request for relief under Rule 60(b)(6) are DENIED.

II. The Motion for Payment of Unclaimed Funds (the Payment Motion)

Claimant initiated its pursuit of the funds deposited with the clerk with the filing of the Payment Motion on October 31, 2017. In sum, the Payment Motion requests that this Court enter an order allowing Claimant to receive a portion of the unclaimed funds deposited with the clerk of the bankruptcy court to satisfy the state court judgment that Claimant holds against Debtor. However, the unclaimed funds at issue are Debtor's property, and Claimant has not established at this time any right under which it may take those funds.

The court has a duty to "to disburse unclaimed funds to the 'rightful owners,' 28 U.S.C. § 2041, upon 'full proof of the right thereto.' 28 U.S.C. § 2042." *In re Scott*, 346 B.R. 557, 558 (Bankr. N.D. Ga. 2006). It is the burden of a claimant to show that he or she is the rightful owner of the funds that are claimed. *In re Acker*, 275 B.R. 143, 144 (Bankr. D.D.C. 2002). Pursuant to 11 U.S.C. § 1326(a)(2), money held by a chapter 13 trustee at dismissal before confirmation is ordinarily returned to the debtor, less any § 503(b) administrative expenses. *Wehrwein v. Roach (In re Kerr)*, 570 B.R. 74, 76 (Bankr. N.D. Ind. 2017).

Here, Debtor's case was dismissed prior to confirmation and the trustee made no distributions to any creditors. As such, the trustee rightfully attempted to return the funds held to Debtor - the owner of the funds. When Debtor did not

claim the funds, they were deposited with the clerk. While on deposit with the clerk, Claimant has failed to show this Court any enforceable right to those funds. Accordingly, Claimant's Payment Motion is DENIED.

**All of the foregoing is hereby ordered, adjudged, and decreed.**

Dated at Hammond, Indiana on 31st day of August, 2018.

/s/ James R. Ahler
**James R. Ahler, Judge**
**United States Bankruptcy Court**

Distribution:
Debtor, Debtor's Counsel
Trustee, U.S. Trustee
All counsel of record